(123 App. Div. 223.)

TUCKER et al. v. SUPREME TENT OF KNIGHTS OF MACCABEES OF THE WORLD.

(Supreme Court, Appellate Division, Fourth Department. January 15, 1908.)

INSURANCE—MUTUAL BENEFIT INSURANCE—ACTIONS FOR BENEFITS—ADMISSIBILITY OF EVIDENCE.

The by-laws of a mutual insurance company made part of a contract of insurance provided that the benefit certificate of any member who engaged in the manufacture or sale of liquor should become void from the date of his so engaging without any act by the order; that the record keeper should not receive any other assessments from such suspended member; that he should enter the suspension on his records; and that the receipt of subsequent assessments should not continue the benefit certificate in force nor constitute a waiver. After obtaining the insurance, the insured technically took up the prohibited business, but his connection with it was such that he might have concluded that the contract was not

thereby affected. After the death of the member, in an action on the certificate, his beneficiaries offered to show that for more than two years after the insured engaged in the prohibited occupation, the record keeper of the local tent had knowledge of the fact and repeatedly assured the insured that it would not affect the validity of his insurance, and that the insured thereafter continued to pay his assessments. *Held*, that the evidence was competent, since the jury might have found that the insured had the right to and did assume that the local record keeper had, as his duty required, reported the facts as to change of occupation to the supreme record keeper, and that the forfeiture had been waived.

Williams, J., dissenting.

Exceptions from Trial Term.

Action by Melvin D. Tucker and another against the Supreme Tent of the Knights of the Maccabees, of the World on a mutual insurance certificate. Judgment for plaintiffs for the amount of defendants' offer of judgment, and plaintiffs except. On motion for a new trial on exceptions directed to be heard in the first instance at the Appellate Division. Exceptions sustained, and new trial granted.

Argued before McLENNAN, P. J., and WILLIAMS, KRUSE, and ROBSON, JJ.

Arthur W. Hickman, for plaintiffs.
George P. Keating, for defendant.

ROBSON, J. Respondent issued on December 29, 1894, a certificate of insurance, providing, in effect, that it would pay plaintiffs as beneficiaries therein named on the death of Harvey J. Tucker, who may be designated as the insured, the sum of $3,000, provided, among other things, the latter should have in every particular complied with the laws of the order then in force or thereafter adopted. Respondent's by-laws are made a part of the contract of insurance. Section 142 of these laws provided that no person shall be admitted as a beneficial member of the order who is engaged in any one of a number of designated occupations, "and no person shall be eligible for membership in the order who is engaged, either as principal, agent, or servant, in the manufacture or sale of spirituous, malt, or vinous liquors as a beverage; and, should any beneficial member of the order engage in any of the above-named prohibited occupations after his admission, his benefit certificate shall become null and void from and after the date of his so engaging in such prohibited occupation, and he shall stand suspended from all rights to participate in the benefit funds of the order, and no action of the tent or of the supreme tent shall be a condition precedent to such suspension, and the record keeper, when any such suspension takes place, shall not receive further assessments from such suspended member. He shall enter such suspension on his records and report the same to the supreme record keeper, as he would report any other suspension, giving date and cause thereof, and in case any assessment shall be received from a member who has thus engaged in a prohibited occupation after his admission, the receipt thereof shall not continue the benefit certificate of such member in force, nor shall it be a waiver of his engaging in such prohibited occupation." It is claimed that the insured some two years before his death engaged in the occupation prohibited by this provision. That he technically did take up that business after obtaining the in-

surance is true; but the manner in which he carried it on, and was personally connected with it, was such that he might reasonably have concluded that the risk assumed by respondent under its contract was not thereby increased.

On the trial the court excluded the evidence offered for plaintiff showing that the record keeper of the local tent had knowledge of the fact that the insured had engaged in this prohibited occupation, and that this officer, after he was fully advised of the fact, for a period of more than two years continuously till the death of insured collected the assessments on the contract, and that the insured continued to pay these assessments during that time after he had been repeatedly assured by the record keeper that the fact of his engaging in the manner and to the extent he had in that occupation would not affect the validity of the contract of insurance. We think this evidence was competent. It is true that engaging in a prohibited occupation of itself, without action thereon, either by the local, or supreme, tent, made null and void the benefit certificate theretofore issued to any person who should thereafter engage therein; but the record keeper of the local tent was the person authorized to collect of the members of such local tent holding benefit certificates all assessments made thereon and transmit the same to the respondent. Though an attempt is made to declare such officer as well as the local tent the agent of the insured in collecting and transmitting assessments, and beyond this to provide "that the supreme tent shall not be liable for any default or negligence on the part of a subordinate tent, or its officers, in such transmission or the serving of notice of assessments or suspensions, required under the laws of the order," yet it is also made his duty necessarily in his capacity as agent of the respondent alone to refuse to receive further assessments from a member holding a certificate who had been suspended, ipso facto, by reason of engaging in a prohibited occupation, and to report such suspension to respondent, giving the cause thereof. If the jury had been permitted to hear and consider the excluded evidence, they might have found that the insured had the right to, and did, assume that the record keeper had, as his duty required, reported to respondent the facts as to the change of occupation of insured, and that forfeiture of the contract had thereafter been waived by respondent, and with full knowledge of the facts it had accepted payment of his assessments and had consented to the continuance in full force of the benefit certificate.

Plaintiffs' exception sustained, and motion for new trial granted, with costs to plaintiffs to abide the event. All concur, except WILLIAMS, J., who dissents.